**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MAURICE RHOADES,** | ) | **CASE NO.1:07CV802** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **BLUE CHIP PROPERTY** | ) | **ORDER** |
| **MANAGEMENT, INC., ET AL.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff Maurice Rhoades' Motion for Reconsideration of the Court's Dismissal of Defendant Ohio Civil Rights Commission ("OCRC") and its Named Employees (ECF # 27). For the following reasons, the Court denies Plaintiff's Motion.

**Standard of Review**

"District courts possess the authority and discretion to reconsider and modify interlocutory judgments any time before final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund,* 89 Fed. Appx. 949, 952 (6th Cir.2004). *See also Moses H. Cone Mem'l Hosp. v.*

1

*Mercury Constr. Corp.,* 460 U.S. 1, 12 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"); "District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez*, 89 Fed. Appx. at 959.

"Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or, (3) a need to correct a clear error or prevent manifest injustice." *Id.* (citing *Reich v. Hall Holding Co.,* 990 F.Supp. 955, 965 (N.D.Ohio 1998)). However, as Chief Judge James G. Carr announced in *Davie v. Mitchell*, 291 F. Supp. 2d 573 (N.D. Ohio 2003): "Motions for reconsideration are disfavored, and a motion for reconsideration is unfounded unless it either calls . . . attention to an argument or controlling authority that was overlooked or disregarded in the original ruling, presents evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law." *Id*. at 634.

## ANALYSIS

Plaintiff has moved for reconsideration under Fed. R. Civ. P. 54(b) and Local Rules 7.1(c) and (f), claiming the Court's Opinion and Order of June 22, 2007, dismissing the OCRC and its employees, was in error because Plaintiff had set forth sufficient facts demonstrating the OCRC breached its duty to investigate Plaintiff's allegations. These include collusion with other named defendants to avoid a "clear and effective investigation" of Plaintiff's allegations and Plaintiffs contention that the OCRC "maliciously did not secure proof of a medical emergency." The Court held Plaintiff could not maintain an action against the OCRC or its employees brought pursuant to 42 U.S.C. §1983, because any breach of duty by the OCRC in its investigation "does

2

not give rise to a constitutional violation amounting to the deprivation of property or liberty interests because dissatisfied plaintiffs have an alternative to seek redress of the alleged discriminatory conduct by de novo review. *Memorandum of Opinion and Order* at pg 9 (ECF # 4). Because Plaintiff's Motion for Reconsideration provides no new evidence, controlling law or demonstrates an error by this Court, his Motion for Reconsideration is denied.

      IT IS SO ORDERED.

      S/Christopher A. Boyko
      CHRISTOPHER A. BOYKO
      United States District Judge

August 4, 2008