**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **MAURICE RHOADES,** ) | **CASE NO.1:07CV802** |
| ) | |
| **Plaintiff,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| Vs. ) | |
| ) | |
| **BLUE CHIP PROPERTY** ) | **OPINION AND ORDER** |
| **MANAGEMENT, INC., ET AL.,** ) | |
| ) | |
| **Defendant.** ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff Maurice Rhoades' Motion for Summary Judgment (ECF #34). For the following reasons, the Court denies Plaintiff's Motion.

On March 19, 2007, Plaintiff filed his Complaint alleging violations of the Fair Housing Amendment Act ("FHAA"), Civil Rights Act violations and state law breach of contract claims against numerous defendants. On June 22, 2007, the Court issued a Memorandum of Opinion and Order dismissing Plaintiff's Civil Rights Act claims in their entirety, his FHAA claims against the Ohio Civil Rights Commission ("OCRC") and its employees, Donshirs Development Corp employees, Mahdi Associates LTD, Nayyir Mahdi, Stacy Anban, Julius Cartwright, Mayronk Haynes, G.R. Green and its employees. The Court allowed Plaintiff's FHAA and breach of contract claims to proceed against Donshirs Development Corp, Ms. Stacy Stoutermire, Blue Chip Property Management, Inc. and Ms. Renee Tracy.

1

On February 15, 2008, Plaintiff moved for summary judgment against all parties on all claims in his Complaint alleging no genuine issue of fact exists.  Plaintiff's summary judgment motion was one and one-half pages long and offered as evidence an unauthenticated copy of a two page Conciliation Agreement between Plaintiff and Blue Chip Property Management and Renee Tracy.  Defendant's Opposition to Plaintiff's summary judgment motion was also unsupported with evidence, competent or otherwise.

**STANDARD OF REVIEW**

A summary judgment should be granted only if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  See Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the nonmoving party to come forward with evidence showing there is a genuine issue for trial.  *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 256 (1986).  "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.  This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass'n*., 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir. 1992).  The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson*, 477 U.S. at 249-50; and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*,

477 U.S. at 323.  Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

## ANALYSIS

The Supreme Court has stated, "the burden on the moving party may be discharged by "showing"-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." *Celotex* at 325. In his Motion for Summary Judgment, Plaintiff fails to point out to the Court any absence of evidence on the part of Defendants but merely recites the summary judgment standard.  This Court is not required to accept legal conclusions as true nor is it required to accept unwarranted factual inferences.  *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987).  Neither is this Court required to conjure up questions never squarely presented to them nor construct full blown claims from sentence fragments.  *Beudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).   Without some showing of a lack of evidence by the Defendants, without any attempt at developing arguments and with only a reliance on the language of the summary judgment standard as a basis for his motion, the Court denies Plaintiff's Motion for Summary Judgment as insufficient to demonstrate no genuine issue of fact or entitlement as a matter of law.

Therefore, Plaintiff's Motion for Summary Judgment is denied and his case shall proceed to trial on his Fair Housing Amendment Act claims against Defendants and his breach of contract claims against Defendants Blue Chip Property Management, Inc., and Renee Tracy.

IT IS SO ORDERED.

 S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

August 7, 2008