**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| MAURICE RHOADES, | ) | **CASE NO.1:O7CV802** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| DONSHIRS DEVELOPMENT CORP., | ) | **ORDER** |
| ET AL., | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

On March 19, 2007, Plaintiff filed his Complaint alleging violations of the Fair Housing

Amendment Act ("FHAA"), Civil Rights Act violations and state law breach of contract claims

against numerous defendants. On June 22, 2007, the Court issued a Memorandum of Opinion

and Order dismissing Plaintiff's Civil Rights Act claims in their entirety, his FHAA claims

against the Ohio Civil Rights Commission ("OCRC") and its employees, Donshirs Development

Corp employees, Mahdi Associates LTD, Nayyir Mahdi, Stacy Anban, Julius Cartwright,

Mayronk Haynes, G.R. Green and its employees. The Court allowed Plaintiff's FHAA and

breach of contract claims to proceed against Donshirs Development Corp, Ms. Stacy

Stoutermire, Blue Chip Property Management, Inc. and Ms. Renee Tracy. On February 15,

2008, Plaintiff filed a summary judgment motion which was subsequently denied.  On

September 2, 2008, the Court Clerk entered default against Donshirs Development Corp. and

Ms. Stacy Stoutermire.  On September 3, 2008, Plaintiff filed for summary judgment against

Donshirs Development Corp. and Ms. Stacy Stoutermire.  The Court denied Plaintiff's Motion as

1

untimely.  On September 5, 2008, the Court dismissed Plaintiff's claims against Blue Chip

Property Management, Inc. and Renee Tracy, without prejudice, and ordered Plaintiff to file a

Motion for Default Judgment against the remaining Defendants within fourteen days of the

dismissal order or the case would be dismissed.  Plaintiff filed an interlocutory appeal on

September 15, 2008, but failed to file a Motion for Default Judgment.  On October 7, 2008,

Plaintiff, apparently under the misapprehension that the Clerk's entry of judgment was a default

judgment, filed a motion for Separate Document of Judgment or, Certificate of Judgment Lien

Upon Lands and Tenements of Defendant Donshirs Development Corp and Defendant Stacy

Stoutermire.

        Because of Plaintiff's misapprehension regarding the Clerk's entry of default the Court

will not dismiss the remaining parties.  Plaintiff is ordered to file a Motion for Default Judgment

in accordance with Fed. R. Civ. P. 55(b).  Plaintiff's Motion must set forth facts supported by

evidence and law demonstrating the damages suffered by Plaintiff and the basis for his

entitlement to those damages.  Plaintiff shall file his motion within fourteen days of the filing of

this Order. Failure to file a Motion for Default Judgment, properly supported, will result in

dismissal of the remaining Defendants without prejudice.

        IT IS SO ORDERED.


                         S/Christopher A. Boyko
                        CHRISTOPHER A. BOYKO
                        United States District Judge

December 17, 2008

2