UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MAURICE RHOADES,** | ) | **CASE NO.1:07CV802** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **BLUE CHIP PROPERTY** | ) | **OPINION AND ORDER** |
| **MANAGEMENT, INC., ET AL.,** | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff Maurice Rhoades' Motion for Summary Judgment (ECF # 44), Motion for Separate Document of Judgment, or Certificate of Judgment Lien upon Lands and Tenements (ECF # 47), Motion for Extension (ECF #51), Motion for Reconsideration (ECF #41), Second Motion for Reconsideration (ECF # 53) and Motion for Reconsideration (ECF # 55).  For the following reasons, the Court denies Plaintiff's Motion for Summary Judgment, Motion for Separate Document of Judgment, Motion for Reconsideration, Second Motion for Reconsideration and Motion for Reconsideration.  The Court grants Motion for Extension and Orders Plaintiff to Comply with the Court's Order of 12/17/08 (ECF # 50) by May 26, 2009 or the remaining Defendants will be dismissed without prejudice for failure to prosecute.

Plaintiff's Motion for Summary Judgment (ECF # 44) filed September 3, 2008, was filed well after the Court's dispositive motion deadline of April 7, 2008.  Plaintiff did not request

leave to file and the Court denies the motion as untimely filed. Furthermore, the Court will not entertain any further summary judgment motions.

Plaintiff's Motion for Separate Document of Judgment, or Certificate of Judgment Lien upon Lands and Tenements (ECF # 47), is based on Plaintiff's assumption that the Court granted default *judgment* against Defendants Donshir Development Corp. and Stacy Stoutermire when the clerks office did an entry of default on September 2, 2008. Plaintiff has not established a right to default judgment nor has Plaintiff demonstrated, by acceptable evidence, damages as a result of defaulting Defendants' actions. Therefore, the Court denies Plaintiff's Motion for Separate Document of Judgment at this time as Plaintiff must first comply with the Court's Order of December 17, 2008, requiring Plaintiff move for Default Judgment and set forth facts supported by evidence, demonstrating his alleged damages.

The Court grants Plaintiff's Motion for an Extension to submit his Default Judgment Motion and further grants Plaintiff until May 26, 2009 to provide the Motion and supporting materials. No further extensions will be granted and failure to move and support may result in dismissal of the remaining Defendants, without prejudice, for failure to prosecute.

Plaintiff's Motion for Reconsideration and Second Motion for Reconsideration, actually his third Motion for Reconsideration, (See ECF #27, 41 and 53), asks this Court to revisit its ruling of August 7, 2008, wherein the Court denied Plaintiff's Motion for Summary Judgment. In fact, Plaintiff's Motion appears to seek reconsideration of the Court's June 22, 2007 dismissal of the Ohio Civil Rights Commission as a Defendant. In that ruling, the Court determined that Plaintiff could not maintain a §1983 claim for violation of a constitutional right against the OCRC because any breach of duty in the OCRC's investigation of Plaintiff's claims did not give

rise to a constitutional violation for deprivation of property or liberty interests because Plaintiff has an alternative to seek redress of the alleged discriminatory conduct by de novo review. Plaintiff again asks this Court to reconsider because he alleges he has produced "new evidence" in the form of a Conciliation Agreement.

In the Court's June 22, 2007 Opinion the Court dismissed the claims against OCRC. As stated in the Court's prior Opinion on Plaintiff's first Motion for Reconsideration,

> " The Court held Plaintiff could not maintain an action against the OCRC or its employees brought pursuant to 42 U.S.C. §1983, because any breach of duty by the OCRC in its investigation "does not give rise to a constitutional violation amounting to the deprivation of property or liberty interests because dissatisfied plaintiffs have an alternative to seek redress of the alleged discriminatory conduct by de novo review. *Memorandum of Opinion and Order* at pg 9 (ECF #4). Because Plaintiff's Motion for Reconsideration provides no new evidence, controlling law or demonstrates an error by this Court, his Motion for Reconsideration is denied."

The OCRC contends Plaintiff's Motions are untimely under Fed. R. Civ. P. 59(e) which limits Motions to Alter or Amend Judgment to ten days after the entry of judgment. Although the Court finds Plaintiff's Motion is not barred by Fed. R. Civ. P. 59(e)'s ten day limitation period because the dismissal of OCRC was an interlocutory order and 59(e) applies to final judgments, the Court denies Plaintiff's Motions because the Conciliation Agreement is not "new evidence," does not evidence discrimination by the OCRC against Plaintiff nor does it evidence a violation by the OCRC of a constitutional right of Plaintiff.

**STANDARD OF REVIEW**

"District courts possess the authority and discretion to reconsider and modify interlocutory judgments any time before final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund,* 89 Fed. Appx. 949, 952 (6th Cir.2004). *See also Moses H. Cone Mem'l Hosp. v.*

*Mercury Constr. Corp.,* 460 U.S. 1, 12 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"); "District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez*, 89 Fed. Appx. at 959.

"Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or, (3) a need to correct a clear error or prevent manifest injustice." *Id.* (citing *Reich v. Hall Holding Co.,* 990 F.Supp. 955, 965 (N.D.Ohio 1998)). However, as Chief Judge James G. Carr announced in *Davie v. Mitchell*, 291 F. Supp. 2d 573 (N.D. Ohio 2003): "Motions for reconsideration are disfavored, and a motion for reconsideration is unfounded unless it either calls . . . attention to an argument or controlling authority that was overlooked or disregarded in the original ruling, presents evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law." *Id*. at 634.

## **ANALYSIS**

Plaintiff offers no new evidence or controlling case law in support of his Motions for Reconsideration. Plaintiff's Motion for Reconsideration (ECF #41) and Second Motion for Reconsideration (ECF # 53) contend the Conciliation Agreement evidences discrimination by the OCRC and collusion with Defendant Blue Chip Property Management, Inc to discriminate against Plaintiff and claims the Agreement evidences breach of contract and tortious acts by the OCRC in its investigation of Plaintiff's alleged housing discrimination claims.

First, the Conciliation Agreement, which was produced by Plaintiff as an exhibit to his first Motion for Summary Judgment (ECF # 34), in the form submitted to the Court, is

inadmissible as evidence because it is a copy lacking authentication.  There is no certification by a custodian or other person authorized to make the certification as required for a self-authenticating copy of a public record found anywhere on the document, attached to it or submitted with it as required by Fed. R. Evid. 902 (4).   Nor is there an affidavit attesting to its authenticity. Nor is it an admission by a party opponent because it is not signed by the OCRC.

Even if the Conciliation Agreement were properly before this Court it does not obligate the OCRC to do anything upon any violation of its terms.  Rather, the Agreement states the OCRC "may" investigate whether Respondent has complied and "*may* require written reports and/or conduct inspections, examine witnesses, and review and copy pertinent records to determine compliance with this Conciliation Agreement." (Emphasis added). Furthermore, the Agreement says the OCRC "may" initiate further action if Respondents do not comply with the provisions of the Agreement.  It does not evidence any improper act by the OCRC that would support the claims against it as stated in Plaintiff's Complaint, nor does it evidence a promise by the OCRC to do anything.  Insofar as Plaintiff alleges his Complaint contains claims of breach of the Conciliation Agreement by OCRC or a tort claim arising from OCRC's obligations under the Conciliation Agreement, the Agreement does not evidence a contract binding upon the OCRC, nor does it evidence the OCRC's failure to abide by some procedure rising to the level of a constitutional violation, contractual breach or tort.

Also, Plaintiff cites, without development of argument, the case of *Benaugh v. Ohio Civil Rights Commission,* No. 07-3825, 2008 WL 2091290, (6th Cir. May 16, 2008).  This does not qualify as new controlling law as *Benaugh* is an employment discrimination case brought by an employee of the OCRC against the OCRC for violation of the Rehabilitation Act.  Therefore,

it is irrelevant to this case because its facts and holding do not address the issues before this Court.

Finally, as the Court discussed in its dismissal of the OCRC on June 22, 2007, Plaintiff has a right to de novo review of his discrimination claims. Furthermore, Plaintiff had a statutory remedy for any alleged objections to the OCRC's alleged dismissal of his discrimination claims or any objection to its investigation of his claims. Plaintiff had the opportunity for an administrative appeal. See *Tomsu v. Ohio Civil Rights Commission,* 116 Ohio Misc. 2d 24, 27-28 (Ohio Ct. Of Claims 2001). Also, the Ohio Court of Common Pleas has exclusive jurisdiction over appeals of Ohio Civil Rights Commission rulings. O.R.C. §4112.06. See also *The State of Ohio, ex rel. Westbrook v. Ohio Civil Rights Commission,* 17 Ohio St.3d 215 (1985). Therefore, insofar as Plaintiff has alleged any state law claims against the OCRC arising from its investigation of Plaintiff's housing discrimination claims, those claims could not be maintained in this Court.

Therefore, because Plaintiff's Motions for Reconsideration provide no new evidence, controlling law or demonstrates an error by this Court, the Motions are denied.

Lastly, Plaintiff filed a Motion for Reconsideration of the Court's September 5, 2008 dismissal, without prejudice, of Defendants Blue Chip Property Management, Inc., and Renee Tracy for Plaintiff and Defendants failure to abide by Court Orders. Plaintiff contends the Conciliation Agreement constitutes new evidence, however, the reason for the Court's dismissal without prejudice was the parties' failure to abide by the Court's trial order after receiving notice that such actions could lead to dismissal. Furthermore, Plaintiff failed to proffer any competent evidence when he moved for summary judgment. The Conciliation Agreement still does not

provide a basis for reconsideration because it does not constitute "new evidence" as it was produced by Plaintiff as an attachment to his Motion for Summary Judgment.

Therefore, the Court denies Plaintiff's Motion for Summary Judgment (ECF # 44), Motion for Separate Document of Judgment (ECF # 47), Motion for Reconsideration (Ecf # 41), Second Motion for Reconsideration (ECF # 53) and Motion for Reconsideration (ECF # 55). The Court grants Plaintiff's Motion for Extension (ECF # 51) and Orders Plaintiff to Comply with the Court's Order of 12/17/08 (ECF # 50) by May 26, 2009 or the remaining Defendants will be dismissed without prejudice for failure to prosecute.

IT IS SO ORDERED.

S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

May 18, 2009